and let's call the next case yes judge the next case is number 21-1913 united states versus roberto reyes correa at this time would mr carrion please introduce himself on the record to begin yes good morning your honors uh this is samuel carrion on behalf of the appellant roberto reyes correa may please the court uh i would like to reserve three minutes you may please go ahead your honors the district court denied mr ray is a fair hearing by failing to properly notify him that it had considered extra record evidence before the final revocation hearing and let me ask that was evidence the defense and the government had uh before the sentence so everybody had it's not evidence that nobody knew existed am i correct well there was reference in the record uh specifically in a probation officer's motion and in the in type of the prosecution's proffer during the preliminary hearing that a video of mr ray has existed uh specifically under the influence of controlled substance however it's unclear if the video that the district court viewed was the was in fact the same video um and and certainly when the district court viewed this video this was before there had been any adjudication of guilt this was prior to the final revocation hearing um and and i think that brings me to the point of not providing mr ray as a meaningful opportunity to make to make a decision as to whether or not he was going to contest the final revocation hearing he obviously decided not to contest the final revocation hearing but had he known that the probation referenced two videos right uh probation it's my understanding that probation disclosed uh two videos event to defense council before the hearings however in its motion the probation officer mentions there being videos plural uh and and um and so it's it's really unknown the duration of the video that was that the district court screened uh what was said what was heard if there was any type of commentary that was overlaid with that is there i mean is there any evidence that there were videos aside from the two that are referenced in probation's report um there are no evidence the only thing that we have your honor is the court uh immediately before pronouncing the 36 statutory maximum sentence referencing that there are videos of mr reyes uh apparently acting under the influence of synthetic marijuana acting erratically and that the court in fact has seen it or has seen the video so um we have no indication of how this evidence we would assume that this evidence the fair inference would be that this evidence was passed directly to the fact finder by the principal fact witness in this case let me also ask at the time i'm uh at the time the court stated that the video depicted reyes acting and i quote acting erratically and the effect would appear to be synthetic marijuana uh counsel from your office did not object to that description uh nor was there any objection at that point am i correct you're correct your it's important to know when this was pronounced this was this was the defense counsel found out about this when the court was pronouncing sentence and i reiterate that if the defense counsel had known that the court had actually taken part in an extra ex parte screening of evidence then the calculus as to whether or not to contest the hearing would have been markedly changed for example mr reyes had family in the in the audience at that final revocation hearing it's our understanding that it was a family member who provided that video to the probation officer so part of that the effect of that video could have been blunted by perhaps calling uh one of the family members as a witness to contextualize what was what was depicted in that video um there could have been even the probation officer himself being called to the stand to talk about not only about how that i think we're trying to pin down prior notice to the defendant and even though the court didn't make mention of it until the point of sentencing you're not contesting that the defendant had did the defendant have copies of the video well again your honor the defendant did have copies of two videos but our problem is that the defendant did not know about this ex parte screening and he did not know if the videos that he had were in fact the same videos or the same length or the same quality of video that that was in his possession those two videos did that come up at the preliminary uh hearing as well so the prosecutor proffered that there was a video which had been disclosed to defense counsel um depicting mr reyes under the influence of a of a controlled substance and i'm and i don't think i'm splitting hairs here when i say that there's one thing the probation officer said that that it appeared that he was under the influence of a strong controlled substance the district court uh takes the another allegation that was contained in one of the motions that he was using synthetic marijuana and was acting erratically and imports that into his viewing of the video and so i think that that's also a a bit of nuance that could have been addressed by defense counsel had he had she been given the opportunity before the revocation hearing and i think it's particularly problematic your honor and i do want to note that there were other errors with this with this sentence in the sense that there was a sentencing recommendation attributed to the probation officer of 36 months which was not the case defense uh defense counsel found out that the recommendation was actually a guideline sentence of nine months but let me let me ask why and i that's another issue you bring in which i want to ask about because you the judge has discretion to sentence there could be a recommendation for nine months it could be a recommendation for zero months it can be a recommendation for 24 months but the judge always has the article through authority to make that recommendation and i believe what you're suggesting in your client's brief is suggesting is that that should be a factor that is is weighed uh when any judge does not follow a sentence recommendation am i correct well i think it's it's noteworthy that the parties themselves both recommended 12 months probation recommended nine months what took this case out so much out outside of the heartland to warrant uh a 27 month upward a 400 percent upward variance for what amounted to grade c technical violations these violations consisted of not uh telling the probation officer about a traffic ticket uh one day too late not not attending um a treatment session this is a video of him using controlled substances what took this conduct so much outside of the heartland of a grade c violation that would have justified such a severe sentence and i and i think the sentencing court's rationale or pronouncement doesn't answer that question um i think it's also instructive uh and i don't want to conflate the issues here but if we're going to talk about sentencing pronouncement i i will say that uh there was very similar language uh in serrano perillos which this court obviously found the language at sentencing insufficient where there's a talk about the sensing court talks about the extinguishment of resources uh on mr reyes and i and i think that's important because the probation officer never said and in none of his motions does he ever say that the probation office has extinguished resources and and and if we look at the probation officer's recommendation of nine months um i think a fair inference that the court can draw from that is that there was uh there was contemplated the probation officer contemplated that this person would be under supervised release again we had four years so what you would have liked to do ideally would have been to call that call that probation office to testify at the hearing as to why he recommended nine months correct right and i think your honor if we had known about the screening and i think this is why the video was so important if we had known about the screening uh i think that completely changes the calculus the probation officer would have been called if not to uh ask about the recommendation certainly to explore the depth of the ex parte communication whether or not the video was the same and so i think that speaks to the prejudice here so let me issue this so help me here um when the uh pre-sentence report is handed to the court i mean there's no doubt that the protocol is that the court can discuss it with the probation officer is that correct yes your honor but so is that is the infirmity here that more than normal transpired uh and that that should is the complaint that that should have been disclosed at the beginning of the sentencing hearing because your client admitted to violating but you admitted at a time when it wasn't clear to you that the court had seen the film that's right your honor and i think it's also important to note that this the difference between a rule 32 sentencing proceeding and these revocation proceedings and i think the government cites bramley uh but but the rule 32 proceeding and the role that a probation officer plays is very different in the in the revocation context the probation officer takes on a much more adversarial posture in fact it's the probation officer as it was in this case who's the primary fact witness who's driving the who's driving the push to incarcerate and so this is also someone who uh over the course of months if not years in this case i believe it was a year uh has contact with with the supervisee it's not a is just writing a psr report in the presence of counsel and that may be the only time the probation officer even deals with the defendant in this case we have a history leading up to this leading up to these revocation proceedings and i think that just increases the chance that harm that harmful communication can come out and i don't attribute any uh ill will or it can be inadvertent but just the nature of that supervisory relationship uh increases the chance that information harmful information can come out in this case we have a fact witness presenting evidence directly to the fact finder outside of the prosecutorial uh outside of the prosecutor who oftentimes through his legal or her legal training can serve as uh as a as a gatekeeping or gatekeeper uh of certain evidence that may not be reliable or that may not be admissible but this we have a circumvention and essentially a usurpation of the prosecutor and with this ex parte communication and we reference in our brief uh i believe it is all right so you're saying up until the presentation of the um the petition to to revoke that's okay but once the court has issued an arrest warrant the the communication between probation and the court should be limited yes your honor and i i want to i want to be clear i i recognize that the probation office is located within the judicial branch and i recognize that uh probation officers can provide advice and counsel uh but i i think yes once the revocation process and there's an arrest warrant issued i think now we're we're we're coming outside of the role of the probation officer as a as trying to rehabilitate the defendant and now we're talking about someone who's actively uh driving the let me ask let me ask and this is my experience of almost 20 years dealing with probation at the district court level uh this may have been the case in this particular case but there are so many other cases i have to say based on experience that uh the judge may have been inclined to revoke or to sentence and you have a probation office who based on those communications uh informed the court you know this guy this client is is really doing what he needs to do he needs another opportunity and you know countless times i did not follow the original right even recommendation i i've gone below of course other times i went above so wouldn't this work both ways because there may be times you have again here you're concerned about this particular client uh but uh going down the road is there something that would preclude them probation officers from bringing favorable evidence to district judges well your honor and i do see that i'm out of time but uh but please please answer your question yes i i do believe that um i i understand that it would work both ways but i think daylight in this particularly in this revocation context is is is uh is always a a prudent measure and in this case like we referenced the espinal case in the second circuit with that where the district court judge was up front about a ex parte meeting and said i met with the probation officer i received information i'm putting it out there it's going to affect my decision but i think the party should know i think if the district court here had done that we wouldn't be here today but that's not what happened but and one more question do we know at what point in the proceeding the court viewed the the video in other words do we know if the court viewed it before the arrest warrant was issued or subsequent your honor the record doesn't tell us when this when this video happened the first mention of of a video is in uh the july 2021 motion this uh final revocation hearing occurred in october do you think it matters uh no your honor as long as as long as the as long as the court had informed uh mr reyes before the final revocation hearing i think that would have been proper even if it was the day of the hearing and the court had said i viewed this video i think you guys should know um i think the calculus would have been changed and i and i do think mr the case that mr reyes would have put on uh as opposed to just a passive we're going to not contest there's a joint or at least a both parties are recommending the same sentence i think that calculus becomes completely different had that been disclosed unfortunately it wasn't uh and your honor if i can just conclude briefly the right to be heard this court has said in brazan the right to be heard is meaningless is not a reality uh unless one has one is informed uh certainly mr reyes was not informed due process required more in this case and for that reason we ask the court uh vacate his revocation sentence and remand to a different judge i have one very brief question but at page 46 43 uh footnote 13 uh of your your client's brief there's reference to a usdoj press statement that a probation officer federal probation offer pled guilty to provide false statements regarding the performance i assume of the defendant the supervisee you're not suggesting that occurred here correct no again i just want to be clear we're not attributing any ill will or on the probation officer we're just saying that probation officers like uh you and i your honor are people and they are subject to their own biases and prejudices and they're being so intimately involved in the supervision process presents again that risk of harmful information coming out during ex parte meetings let me ask you another question i'm sorry to drag you on but one of the things you mentioned your brief is uh that after the sentence have been posed you probation officer and that probation officer basically that's when he said yeah it should have been nine months i recommended nine months it was not 30 so you your office finds about this post sentence uh and and it's one of the issues that it's you know raised now on appeal uh what if if that were to be the norm now what would impede the u.s attorney uh from you know let's appeal also and say there's procedural error or substance of error uh and interview the probation office as well wouldn't this work both ways and you know just for long litigation beyond the extremes well i think that would assume uh that the district court of the sentencing court pronounced what the what the probation officer's recommendation was sometimes it does sometimes it doesn't and i think it would also assume that the uh district court misspoke um in this case we have both and so i think it's a unique situation where um we don't have the probation officer testifying at the final revocation hearing yet we have the district court espousing what its recommendation was uh and espousing it in a way that was actually not correct and the district court did update the record amend the record to reflect that that was not the probation officer's recommendation however the district court didn't stop didn't say however i would have recommended i would have sentenced him to the same sentence and i think that that's significant as well okay thank you very much and you have three minutes safe for rebuttal thank you any of my colleagues have any questions about okay so mr bornstein again good morning again judge helping me please the court david bornstein on behalf of the united states the district court did not err let alone plainly err by communicating with the probation officer ex parte that's because the record shows that or does not indicate that anything in those communications constituted facts that were new to the defendant how do we know we know it your honor because all that the defendant has pointed to are two things one a video related to his drug use violation and two wording uh that we know contained the probation officer's nine-month sentence recommendation to start with the wording your honor uh the sentence recommendation was a probation officer to give that doesn't constitute a new fact that simply constitutes the probation officer's analysis and it is the probation officer's job to provide the court with all the information analysis it needs to do its job and a problem only arises when a probation officer provides new facts to the court and then the court relies on it and those facts have not been previously disclosed to the defendant so the probation officer's wording if i could start with that um all that the record shows this is addendum 10 and 11 is that included the probation officer's nine-month sentence anything further would be pure speculation and this court said united states against bramley at speculating as to what a probation officer turned over to the court is a fruitless exercise that this court will not indulge in the defendant nonetheless indulges in it and he assumes that the wording must have also included analysis in support of that nine-month sentence even so your honor that was fine and that was fine because the rule in the circuit and indeed every other that i know of is that a probation officer may provide ex parte the court with advice and analysis this follows directly from this court's holding in united states against frazza that is 106 f third 1050 now in that case the defendant was asking for a downward adjustment in his sentence on the ground that he had played a minor role in the offense this court's opinion says that that brass ring was when it was within his reach the court seemed disposed to granting the downward adjustment and the government was not opposing it but at that moment the probation officer interrupted the sentencing went up to the judge had an ex parte communication with him after which the judge denied the downward adjustment on appeal the defendant was livid that this ex parte communication occurred this court however found no error stating that it is it needs in order to do its job and the defendant and sorry the probation officer is just quote-unquote doing his job and quote anything less would have been a dereliction of duty close quote but we've also said that the defendant has a right to know what the court is relying on yes your honor factually actually so get to the video all right so turning to the video nothing in the record shows that the video contains any new facts because the video and its contents had been disclosed to the defendant months before the final revocation hearing the video is first mentioned in the record is the record sufficiently clear that those two videos referenced earlier had to be the ones that the court reviewed yes it is and you can see that by first going to the probation officer's motion where the video is first mentioned this is appendix 61 where the probation officer says on july 5th 2021 we receive videos depicting mr reyes correa under the strong effect of a controlled substance and then at the preliminary revocation hearing the prosecutor notes for for the record that the video had been disclosed this is page 72 of the appendix the probation officer has video showing the defendant under the influence of controlled substances that video was provided to the defense as per the probation officer's representation to government when you hear the district court's uh explanation or description of the video when it pronounces its sentence this is page 89 it becomes clear that the video that the court saw was the one that probation had which was described in the motion and then turned over months earlier the court says in july 2021 the probation officer learned that defendant reyes was acting erratically and under the effect would appear to be synthetic marijuana in a video which the probation officer the court has also viewed the video but you do not have to take my word that that is what the record reflects because the defendant himself admitted as much in his brief here i'd like to turn the court's attention well i know where it is it is on page 26 of the defendant's opening brief now there the defendant says and i quote just before pronouncing its upward variance the court arrived at the july motion that referenced a video that purported to show mr reyes under synthetic cannabinoid influence for the first time the judge revealed publicly that someone had showed him the video right there the defendant is predicating his argument this is his statement of the facts on the idea that the video that the judge saw was the one that was disclosed in the probation officer's motion on page 28 in the footnote the defendant says the defense received disclosure in august 2021 of two videos appearing to depict mr reyes in a disoriented state it is point was right there again he's basing his opening brief off of the idea that the video had been disclosed to him he just didn't know which one the court saw and if that weren't enough i'd direct the court's attention to his argument on page 46 and 47 and i'm quoting now on the ex parte evidence point a question may remain what harm is there if it meaning the video was disclosed to the defense now onto page 47 he says just to be clear the government's position is that as long as the probation reports indicate that there's a piece of evidence that probation has seen and relied upon and that uh that that we should we should assume that the court has access to it and that it's okay whether whether the court specifically discloses at the beginning of the hearing that it is reviewed it or not we should presume that the court being on notice that it exists has reviewed it no your honor um we have uh it's a layered argument the first is that we believe you can infer from this record and the defendant's own opening brief that the video that the court saw was one that had been disclosed to him and under this court's case law what a defendant is entitled to when it comes to notice is of the fact that the court then relies upon at sentencing it's not the fact that the court will rely upon it at sentencing it's not that the fact that the court is even aware of it but simply the underlying fact any trial judge knows that there are many cases where there is voluminous discovery and disclosure not all of which in fact usually very little of it actually ends up in the record of a case it's handed over to the defense counsel it may be provided to the judge and that is sort of the body of facts that the parties know of when it comes to sentencing but let me be more clear on that point we believe uh that it is very clear from this court's precedent in the united states against canada which was from 1992 that when it comes to notice what the defendant entitled to is the underlying fact not not whether the fact is in the record previously not whether even the court will rely upon it now in canada which is 960 f 3rd 263 in 1992 decision of this court the district court sua sponte enhanced the defendant's sentence upon finding that he was a supervisor of his offense the court did so based on outside of the record conduct oh sorry outside of the record evidence and the defendant complained he wasn't aware that the court was considering whether he was a supervisor he wasn't aware that the court uh was going um of the evidence or he didn't have sufficient notice of the evidence because it was from outside of the record and he also complained that he didn't have notice that the court would be considering evidence from outside the record this court found no error and in fact it said even if those three things were true and the key ones for this uh case's purposes is that the fact did not appear in the record of his case and he did not know that the court would be relying upon this outside of record fact this court found and i quote however canada was not as a defendant canada was not ignorant of the information upon which the court relied in sentencing him hence he was now the defendant points out this was in our 20ha letters that the reason why the defendant was not ignorant of that outside of record material was because it was actually his testimony at the co-defendant's trial but this court did not rely upon that fact in its holding it did not care about why he was not ignorant of the facts it was simply that he was not ignorant of the facts and so uh to sum it all up for you judge thompson under this court's case law a defendant is simply entitled to prior notice for awareness of the facts that the court ultimately relies on um it doesn't even have to be the exact medium in which the court relies upon the facts so again i believe that the record shows and that the defense conceded in his opening brief that the video had been previously disclosed to the defendant it's really only in his 28j response from a few days ago that the defendant tries to walk back uh that that that underlying premise of his opening brief and he says it is now quote-unquote an unfounded assumption that the video that the court saw was one that had been disclosed to him but if that's but even if that were the case he doesn't prevail uh he doesn't prevail under this court's case law in the united states against kenny uh kenny is a decision by this court uh it's 756 f third 36 from 2014 in kenny the district court denied a sentencing claim by the defendant on finding that he was a ring leader and mastermind of the underlying heist that he was convicted of the court made that finding based upon its knowledge of recorded conversations between the defendant and informants that had been admitted into evidence at a co-defendant's trial the defendant on appeal said that he was not aware uh that the court was going to be relying upon that evidence and he didn't have sufficient notice of it this court again found no error but it didn't do so on the ground that the recordings themselves had been turned over to the defendant but on the fact that the recordings had been summarized in an in an affidavit that was attached to the criminal complaint at the beginning of this case and the court said that that summary of the affidavit apprised the defendant that these conversation existed and that they showed that he was indeed the mastermind and ring leader of the offense and so this court held on that according from page 50 the information therefore could hardly have taken Kenny by surprise that his sentencing we accordingly find no error and here the only fact found by the judge when it came from the its viewing of the video was that the defendant had been acting erratically under what appeared to be uh synthetic marijuana that is an exact description of the defendant's conduct from the probation officer's motion on appendix page 61 and it's one that he admitted to uh when he did not contest that allegation in the motion the idea that not contesting his admission is uh now a holding of this court from uh porto marquez i see your time is running a little bit low could you turn to the sentence um issue and also maybe discuss uh what you make of siriano barrios yes your honor so the 36 month sentence in this case was a defensible result this was the defendant's third revocation of supervised release on this particular revocation he was on his third probation officer's motion notifying the court of his violations he was on his sixth motion overall the defendant by this stage had shown himself to be a serial violator of the terms of his release and by the way this didn't simply begin at supervised release recall he was violated very quickly on pre-trial release for again not following the conditions of his now the court eschewed any further supervised release term this was actually something that the defense argued for saying that you know the defendant's issues would not be solved by further supervised release so uh the court was presented with an upwardly variant sentence the parties both uh argued for 12 months actually in objecting to the 36 month sentence defense council conceded that 18 months was appropriate and i believe this court can find that 36 months is appropriate this case is very similar to the one in soto-soto united states against soto-soto where similarly given a defendant who kept violating the terms of his release again and again this court held that as a defensible result for the court to conclude that instead of giving him some present time and more supervised release to simply cut off supervised release to punish him for breaking the trust of the court by giving a maximal sentence let me also uh ask and i think it's evident from the record but he it's this is who's had this defendants and he pled guilty was sentenced through no offense and then to all the other violations it's not judges who don't know or a new judge came in had doesn't really even know about it it's the same judge longitudinally who's had this defendant yes and who's seen him from the violations of his pre-trial release to his you know third revocation on supervised release now judge montecalvo you asked you asked about uh we believe this case is distinguishable for multiple reasons first serrano barrios the claim of error there was preserved and so it was reviewed for abuse of discretion uh and indeed all that the court said is that it couldn't tell whether the comment that the court made there about i think was extinguishing a released source whether that was a something that came from the probation officer or was the judge's own independent conclusion the court however was nonetheless vacating and remanding for separate reasons and that separate reason was the district court's reliance on uh the arrest record arrests that did not result in conviction and the court said things that indicated that it had committed an error by relying upon rest and equating them with guilt so the court was vacating and remanding anyways its only concern about the extinguishing of a release source was that it didn't you know wasn't clear based upon the record whether that or the court here however uh the defendant never objected to the court's consideration of his time on treatment nor did he object to that specific finding by the court so it's reviewed for plain error and under plain error if it's not clear whether it came from the court or probation there's simply no error on the record but i want to be clear it doesn't matter if it came from probation and the reason why is if the probation officer had concluded if he had concluded that a the defendant had extinguished his drug treatment regimen first of all that was something that the defense agreed to they said you know for the drug treatment for this defendant won't accomplish anything you need to put him into a private program for mental health second that was an appropriate analysis on behalf of the probation officer that's not a new fact that exists out there in the world that is simply the probation officer's conclusion and third i believe it's clear from this record that that was probably the independent judgment of the court uh the prosecutor throughout the preliminary and final revocation hearings had what my friend calls the opportunity narrative which is that the defendant kept violating and violating and violating despite the fact that probation was doing everything it could to present him with the resources he needed to get better welcome thank you counselor we'll just show up in 15 seconds yes your honor so in we asked this court to affirm uh there's simply no indication in the record that new facts were given to the defendant that were not previously that was not previously aware of there's nothing wrong with the wording that falls under the probation officer's ability to give sentencing recommendations and i actually want to make one final point if i may it's an important one very briefly uh an idea came up that perhaps probation officers should be called to the stand at sentencing to testify to the sentence recommendation and analysis that they gave to the district judge i think that would be very wrongheaded this falls under rule 32 e3 where the federal rules of criminal procedure actually expressly say that a district court may command that a sentence that a probation officer's sentence recommendation remain confidential and the reason for that is given in the 1974 advisory committee notes where they say that it would negatively impact the effectiveness of probation officers if the defendant who's under their supervision were to realize that the probation officer believes that they deserve x sentence for y reasons there's a reason why the probation officer may give this advice and analysis confidential it's because it protects their effectiveness and you know let me ask you just following up on that and i asked uh both in council if we were to rule that that can be done and probation officers can be called uh yes really lengthy revocation uh let's assume and then somebody gets zero months or you know and then you'd be able to do the same thing and appeal and say bring it back what good for the goose would be good for the gander correct yes but but not only that it's really an untenable rule uh if whenever a defense attorney or you know whenever a party can go to the probation officer and try to find something that may have been before the court that was not revealed beforehand and that they come up and say oh we have reversible error that's simply not right uh the rule set down by this court is a good one if the defendant was aware of the fact going in he's not entitled to advanced notice that the court knows of the fact will rely on the fact and finally that follows as well from the supreme court's holding in airs are against the united states in 2008 where defendants were arguing that they should be provided with advanced notice of facts that a process right to advance notice uh rather if a defendant is taken by surprise by some fact that comes up at some sentencing the proper thing to do is for the defendant to ask for continuance that he may then have the time to regroup and and and and um and and argue against that fact but here there is no need for continuance because again the video is disclosed thank you counsel mr carrion you have three minutes for rebuttal and please identify yourself again thank you george happy samuel carrion again on behalf of the appellant roberto reyes correa your honor mr bornstein points out that uh that these facts were disclosed and the medium is not important and i i respectfully disagree i believe that the court in ramos carreras dealt with a very similar situation in that case there were state court allegations that appeared that did not appear in the record i don't think anyone could argue that ramos carreras was not aware of the state court uh allegations that existed but it was the district courts using those outside of the record allegations during its sentencing pronouncement that was that the court that this court held was improper and i would also add that the government petition for re-hearing in that asking the court to amend its definition of new facts or new information to include information that had not been disclosed to the parties and the court declined to do that when the when the prevention made it clear that it had used these videos and made that fact known to the court why is it unreasonable for us to assume that the court would have been made aware of the very same fact well i think your honor the only difference is that the court was made aware of facts that existed and the court then probed a little bit deeper to explore exactly the parameters of what was in the video well i i think what what perhaps government counsel's confusing is that we're not we're not saying that the that there was a dispute as to the existence of a video but i think it's certainly problematic that there was a a screening and a presentation of evidence that was outside of the public revocation process in these cases morrison uh morrissey and gagner have been around for half a century for a reason to bring these types of the presentation of evidence into the daylight and i will note that it's not about the existence of of the video because if we look at the court's decisions of alamarty there was an ex parte meeting regarding an incident that happened at a jail in which a defendant apparently had interrupted a psr interview and had asked for another co-defendant's papers and it wasn't the fact defense counsel was well aware that this incident had occurred in fact she had prepped and interviewed the defense attorney who was present during that interview but it was the fact that she was alerted that the judge who was presiding over her client's case had met with the probation officer specifically about this incident and that was the that was the error that she didn't have notice about this ex parte meeting and i i would submit that this is the analogous situation here where it wasn't the video it was the screening of the video but how do we know that we know the court looked at the video you characterize it as a screening yes the court may have said put them put the video on my on my desk and just looked at it we don't know if there was any commentary we just know the court looked at the video well i think the record illuminates uh your concern your honor in the sense that we know that there was certain wording that was also submitted to the district court and that comes out in the district court's order but that's a different issue right your honor but there was certain there was certain communication surrounding um this particular uh supervisee prior to the final revocation hearing and i i thought i'd ask the question your honor what if what if mr ray has had what if mr ray has had uh contested this hearing the court would have already seen video and would have already been tainted by that ex parte uh by that viewing of evidence outside of the public forum and i think that's the crux of what we're arguing how is that different from the court being advised that he didn't go to his counseling meetings or or any other factual elements that are presented in in the revocation report how's that one fact different from the other fact that the court is presented with in those petitions well your honor i do think it's the it's i think the medium does matter and i think the medium in the sense of the the video a video as they say a picture is worth a thousand words if the court is i see that i'm out of time but i may finish uh if the court is screening a video we don't know how long the court's looking at this video how many times what's being said there's just a lack of transparency in this that uh bramley doesn't address that's a rule 32 and brother counsel mentions rule 32 this is governed this is a different this is not a sentencing proceeding probation is not um in the neutral marshaller of facts role that it is in the sentencing proceeding this is somebody who has a dog in the fight and in this case it was to revoke mr ray as a supervisor reason in this case we saw the the result of that 36 month sentence for technical violations and so with that in mind uh i think the court has to tread the district court has to tread very carefully to prevent certain harmful information getting getting disseminated through these back channels and unfortunately i think that's what happened here and that's what was the reversible error thank you very much counsel thank you your honor your excuse uh let's call the last case the cell case yes judge